ATKINS, (UNITED STATES v.) See Case No. 14,474.

## Case No. 606.

### In re ATKINSON.

[7 N. B. R. 143; 5 Amer. Law T. Rep. 320; 4 Chi. Leg. News, 359; 19 Pittsb. Leg. J. 188; 3 Pittsb. Rep. 423.]

District Court, W. D. Pennsylvania. July 2, 1872.

CONTEMPT—VIOLATION OF INJUNCTION—STATE AND FEDERAL COURTS.

[A creditor holding a judgment from a state court, and proceeding with the execution, in defiance of an injunction from a federal court, in which the debtor has filed a voluntary petition in bankruptcy, will be attached for contempt.]

[Cited in Re Litchfield, 13 Fed. 866; Hudson v. Schwab, Case No. 6,835.]

[In bankruptcy. A rule nisi was granted against certain creditors who held a judgment from the court of common pleas of Wyoming county, and who proceeded with the execution in defiance of an injunction. On final hearing. Rule absolute.]

H. B. Swoope and S. A. & W. S. Purviance, for the rule.
Mr. Piatt, contra.

McCANDLESS, District Judge. The proofs show that the respondents held judgments against Atkinson in the court of common pleas of Wyoming county, upon which they issued writs of fi. fa. on the twentieth of November, eighteen hundred and seventy-one, and levied upon the personal property of the defendant on the twenty-fifth of December, eighteen hundred and seventy-one. Atkinson filed a voluntary petition in bankruptcy in this court, and on the third day of January, eighteen hundred and seventy-two, was duly declared a bankrupt. A petition was presented on the thirteenth of January, eighteen hundred and seventy-two, praying for an injunction to restrain the respondents from proceeding with their execution, and the return of the marshal shows that it was regularly served on the seventeenth of the same month. Notwithstanding this, the respondents, in defiance of the writ of injunction, proceeded with their writs of fi. fa., and caused the sheriff of Wyoming county to sell the personal property of the bankrupt. The court is willing to make all proper allowance for the want of knowledge which exists in agricultural communities as to the operation of the bankrupt law, and the power of the courts of the United States in its administration. At the proper time that will be taken into consideration; but we would be recreant to our judicial trust should we fail to maintain the law and vindicate its process. The respondents to this rule were in error in supposing that the judgment of the state court and its execution were paramount to the federal authority. The bankrupt law was passed in pursuance of a provision of the constitution of the United States. Its

administration, and when invoked, the cases of all insolvent persons and corporations are, by its requirements, placed exclusively within the jurisdiction of the federal courts sitting as courts of bankruptcy. It suspends all state insolvent laws mitigating [militating] against its provisions. It is a wise and beneficial law, making an equal distribution of the assets of the debtor among all the creditors who have proved their debts, at the same time preserving intact all valid liens entitled to priority. It was designed to relieve the debtor from oppressive liabilities which render him unfit to contribute to the productive wealth of the country; and it affords to the creditor the assurance that all the property of the debtor, except what from motives of humanity he is permitted to retain, shall be honestly devoted to the payment of his debts. With a fraudulent debtor it is wisely and justly stringent, compelling a full discovery and surrender of his assets for the benefit of his creditors, under peril of imprisonment for contempt, which in the courts of the United States, is a penalty not to be disregarded. Disobedience of the injunction in the present instance was a grave offense. Its palliation, so ably argued by respondent's counsel at the argument, will be considered upon the return of the attachment. The rule is made absolute and attachment ordered.